IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

                Plaintiff,

    v.                                **Case No. 6:20-cr-00246-MC-1**

                                         **OPINION AND ORDER**

**CHELSE LYNN PUETZ,**

                Defendant.

_____

**MCSHANE, Judge**:

    Defendant Chelse Lynn Puetz seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. ECF No. 99. Because Ms. Puetz is not eligible for a sentence reduction under Amendment 821, her motion is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

On February 16, 2023, Ms. Puetz pled guilty to Count 1 of a single-count Superseding Information for possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Presentence Investigation Report ("PSR"), ECF No. 86. As relevant here, the PSR states Ms. Puetz's total offense level as 35 and criminal history score as zero. PSR ¶¶ 34, 38. The Court adopted the PSR without change and sentenced Ms. Puetz to sixty months' imprisonment based on her plea agreement and the 18 U.S.C. § 3553(a) factors. Statement of Reasons, ECF No. 93. The sentence was the mandatory minimum but a downward variance from the guideline range of 168–210 months' imprisonment. PSR ¶¶ 63–64. Ms. Puetz is currently serving her sentence at Phoenix FCI.

## LEGAL STANDARD

Under 18 U.S.C. § 3582,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This exception "does not authorize a resentencing[,]" but "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 831, 828 (2010).

In deciding whether to reduce a sentence under § 3582(c) based on a retroactive amendment to the Sentencing Guidelines, a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martinez-Rodriguez*, 3:13-cr-00452-HZ-1, 2024 WL 65141, at *1 (D. Or. Jan. 5, 2024) (quoting *Dillon*, 560 U.S. at 826).

2 – OPINION AND ORDER

**DISCUSSION**

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 1, 2024). The amendment applies retroactively. *See* U.S.S.G. § 1B1.10(d)–(e). Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. *See Martinez-Rodriguez*, 2024 WL 65141, at *2 (explaining the scope of Amendment 821). Part B of Amendment 821 concerns "zero-point offenders" and reduces the term of imprisonment for offenders who receive no criminal history points. *Id*, at *2 (citing U.S.S.G. § 4C1.1(a)).

Ms. Puetz argues that she qualifies for a two-level reduction under Amendment 821 because she is a zero-point offender with zero criminal history points. Def.'s Mot. 2. However, Ms. Puetz's below-guideline sentence makes her ineligible for additional relief under Amendment 821. U.S.S.G. § 1B1.10(b)(2) provides that, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"

With a total offense level of 33 and a criminal history score of 0, Ms. Puetz's amended guideline range would be 135–168 months. U.S.S.G. ch. 5, part A. Her sixty-month sentence falls well below that range. Because the record does not show that Ms. Puetz received a sentence reduction based on substantial assistance, the Sentencing Commission's policy statement precludes a reduction in her sentence.

Because Ms. Puetz is ineligible for a sentence reduction under Amendment 821, the Court does not proceed to the second step of evaluating whether the § 3553(a) factors justify a reduction in her sentence.

## **CONCLUSION**

Ms. Puetz's Motion to Reduce Sentence (ECF No. 99) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April, 2024.

/s/Michael J. McShane
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER